```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                            :
TAGI BROOKS,                                :
                                            :
        Plaintiff,                          :   Civ. No. 16-3196 (NLH)
                                            :
    v.                                      :   OPINION
                                            :
CAMDEN COUNTY CORRECTIONAL                  :
    FACILITY,                               :
                                            :
        Defendant.                          :
_____:

APPEARANCES:
Tagi Brooks, #4318809
Camden County Correctional Facility
330 Federal St.
Camden, NJ 08103
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Tagi Brooks seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a

total of $400.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

In this case, it is unclear whether Plaintiff is a pre-trial detainee, a prisoner, or a free individual.  In his application to proceed in forma pauperis, Plaintiff indicates that he is "presently incarserated [sic] at the Camden Co. Correctional facility." (In Forma Pauperis App. 1, ECF No. 1-1).  Also, Plaintiff provides an inmate identification number.  This information suggests that Plaintiff is a prisoner.

However, in his Complaint, Plaintiff lists his address as "322 Liberty St. Camden, NJ 08104," which is a street address, and not the mailing address for the Camden County Correctional Facility. (Compl. 2, ECF No. 1).  Additionally, a search of the New Jersey Department of Corrections database using Plaintiff's name and inmate identification number does not return any results.[1]  Finally, the mail which was sent to Plaintiff at the Camden County Correctional Facility was returned to sender with the notation "Not Known, Unable to Forward." (ECF No. 2).  This information suggests that Plaintiff is not presently incarcerated.

---

[1] See https://www20.state.nj.us/DOC_Inmate/inmatesearch.

A. <u>Prisoner In Forma Pauperis Applications</u>

A prisoner who is granted <u>in forma pauperis</u> status will, instead of being charged the full $400, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied <u>in forma pauperis</u> status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action <u>in forma pauperis</u>.  Under § 1915, a prisoner seeking to bring a civil action <u>in forma pauperis</u> must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. <u>Id.</u>

If the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until

3

the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be

4

granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, to the extent Plaintiff is a prisoner, the Court finds that he failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2). More specifically, he does not submit an institutional account statement, certified by an appropriate official, for the six-month period immediately preceding the filing of this Complaint. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified

5

institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

B. Non-Prisoner In Forma Pauperis Applications

Pursuant to 28 U.S.C. § 1915(a), a plaintiff seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all assets indicating that the plaintiff is unable to pay the fees or give security therefor.

In this case, Plaintiff has submitted a signed form indicating that he has no assets and certifying that he is unable to pay the filing fee.  Thus, to the extent Plaintiff is a non-prisoner, the Court is inclined to grant him in forma pauperis status.  However, as set forth above, it is unclear whether Plaintiff is presently incarcerated; therefore, the Court declines to rule on his application.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is DENIED.  The Clerk of the Court will be ordered to administratively terminate this action,

6

without filing the Complaint or assessing a filing fee.[2] Plaintiff will be granted leave to apply to re-open within 45 days.  In the event Plaintiff seeks to reopen this action, his application must clarify his incarceration status.

    An appropriate Order will be entered.

                                        __s/ Noel L. Hillman_____
                                        NOEL L. HILLMAN
                                        United States District Judge

Dated: July 6, 2016
At Camden, New Jersey

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).